4

RON BENDER (SBN 143364)
TODD M. ARNOLD (SBN 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; tma@lnbyb.com

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

FILED
JUL 2 8 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (SACRAMENTO DIVISION)

| In re:<br><br>MATTERHORN GROUP, INC.,<br><br>    Debtor.<br><br>VITAFREZE FROZEN CONFECTIONS, INC.,<br><br>    Debtor.<br><br>DELUXE ICE CREAM COMPANY,<br><br>    Debtor.<br><br>☒ Affects ALL DEBTORS<br>☐ Affects only MATTERHORN GROUP, INC.<br>☐ Affects only VITAFREZE FROZEN CONFECTIONS, INC.<br>☐ Affects only DELUXE ICE CREAM COMPANY | [Proposed] Lead Case No. 10-39672 (MSM)<br>[Proposed] Jointly Administered with Case Nos. 10-39664 (MSM), and 10-39670 (MSM).[1]<br><br>DC No. LNB-1<br><br>Chapter 11 Cases<br><br>**ORDER (1) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING, (2) SCHEDULING A FINAL HEARING, (3) AUTHORIZING THE DEBTORS' CONTINUED USE OF CERTAIN PORTIONS OF THE DEBTORS' CASH MANAGEMENT SYSTEM, AND (4) AUTHORIZING THE MAINTENANCE OF THE DEBTORS' EXISTING BANK ACCOUNTS FOR AN INTERIM PERIOD**<br><br>Hearing:<br>Date: July 28, 2010<br>Time: 10:30 a.m.<br>Place: Department A<br>       Judge Michael S. McManus<br>       Courtroom No. 28<br>       Floor No. 7<br>       Robert T. Matsui Courthouse<br>       501 I Street<br>       Sacramento, CA 95814 |

---

[1] Motion for Joint Administration pending.

A hearing was held at the above-referenced date and time for the Court to consider the Emergency Motion (the "Motion") filed by Matterhorn Group, Inc. ("MGI"), Vitafreze Frozen Confections, Inc. ("Vitafreze"), and Deluxe Ice Cream Company ("Deluxe"), the debtors and debtors in possession in the above-captioned (proposed) jointly administered Chapter 11 bankruptcy cases (collectively, the "Debtors"), for an order (1) authorizing the Debtors' to use cash collateral on an interim basis pending a final hearing, (2) scheduling a final hearing, (3) authorizing the Debtors' continued use of certain portions of the Debtors' cash management system, and (4) authorizing the maintenance of the Debtors' existing bank accounts for an interim period. Appearances were made as set forth on the record of the Court.

The Court, having considered the Motion, the pleadings filed by the Debtors in support of the Motion, and any pleadings filed in opposition to or in response to the Motion, and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Debtors are authorized to use cash collateral on an interim basis pending a final hearing to pay expenses in accordance with the budget that was filed concurrently with the Motion as Exhibit "1" (the "Budget").

2. In addition to those expenses set forth in the Budget, the Debtors are also authorized to use cash collateral to pay for the following: (a) all quarterly fees owing to the Office of the United States Trustee and all expenses owing to the Clerk of the Bankruptcy Court; and (b) all actual third-party, outside expenses incurred by the Debtors (or their counsel) directly related to the administration of the Debtors' bankruptcy estates (for items such as photocopying, postage, searches, etc.), not to exceed the total sum of $10,000 per month. In addition, the Debtors are authorized to deviate from the line items contained in the Budget by not more than 15% on a line item basis and not more than 10% on an aggregate basis. Moreover, if actual

expenditures for any line items during a particular period are less than in the budget, the difference shall carryover to the following weeks. To the extent the Debtors' order volume exceeds the Debtors' projected order volume, the Debtors are authorized to increase the amount of their related variable cost operating expenses on a proportional basis. The Debtors shall also have the authority to pay any other expenses related to the operation of the Debtors' business which are not contained in the Budget without the need for any further order of the Court provided Key Bank, N.A. (the "Bank") consents to those payments.

3. The Bank and any other creditor which has an interest in the Debtors' cash collateral shall receive a replacement lien against the Debtors' post-petition assets, with such replacement lien to have the same validity, scope and priority as the creditor's pre-petition lien against the Debtors' assets.

4. The Debtors shall serve counsel to Key Bank with copies of all pleadings filed with the Court and all documents filed with the Office of the United States Trustee contemporaneously when the filing of such pleadings or documents.

5. The Debtors shall provide Key Bank with a detailed accounting of its debtor-in-possession bank accounts on a weekly basis by delivering such accounting to Key Bank by the close of business on Wednesday for the prior week ending Sunday.

6. The Debtors are authorized to make the $54,000 adequate protection payment to Key Bank as indicated in the Budget.

7. The Debtors are authorized to maintain their Accounts (as defined in the Motion) and their pre-petition cash management system in the manner set forth in the Motion.

8. The Bank shall promptly turnover to the Debtors for deposit into the Debtors' debtor-in-possession accounts all of the Debtors' funds which were in the Bank's possession or

4

control at the time of the filing of the Debtors' bankruptcy cases and all funds which come into the Bank's possession or control after the time of the filing of the Debtors' bankruptcy cases.

9. A final hearing on the Motion shall be held before the Court on August 23, 2010, at 1:30 p.m. Any further pleadings filed by the Debtors, including any extended budget, must be filed with the Court and served on counsel for the Bank by August 16, 2010. Any opposition to final Court approval of the Motion must be filed with the Court and served on counsel to the Debtors by August 20, 2010.

Agreed as to Form:

LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.

*[signature]*

RON BENDER
TODD M. ARNOLD
Proposed Attorneys for Chapter 11 Debtors
and Debtors in Possession


MOFFATT THOMAS BARRETT ROCK
    & FIELDS, CHTD.

*[signature]* Tyler Henderson

TYLER HENDERSON
Attorneys for KeyBank, N.A.

28 July 2010

*[signature]*