2010-39672
FILED
September 16, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002920942

7

RON BENDER (SBN 143364)
TODD M. ARNOLD (SBN 221868)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; tma@lnbyb.com

Attorneys for Chapter 11 Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (SACRAMENTO DIVISION)

| | |
|---|---|
| In re:<br><br>MATTERHORN GROUP, INC.,<br><br>    Debtor.<br><br>VITAFREZE FROZEN CONFECTIONS, INC.,<br><br>    Debtor.<br><br>DELUXE ICE CREAM COMPANY,<br><br>    Debtor.<br><br>☒ Affects ALL DEBTORS<br>☐ Affects only MATTERHORN GROUP, INC.<br>☐ Affects only VITAFREZE FROZEN CONFECTIONS, INC.<br>☐ Affects only DELUXE ICE CREAM COMPANY | Lead Case No. 10-39672 (MSM)<br>Jointly Administered with Case Nos. 10-39664 (MSM), and 10-39670 (MSM).<br><br>DC No. LNB-11<br><br>Chapter 11 Cases<br><br>**THIRD INTERIM ORDER AUTHORIZING THE DEBTORS TO CONTINUE TO USE CASH COLLATERAL**<br><br><u>Hearing:</u><br>Date:    September 8, 2010<br>Time:    10:00 a.m.<br>Place:    Department A<br>            Judge Michael S. McManus<br>            Courtroom No. 28<br>            Floor No. 7<br>            Robert T. Matsui Courthouse<br>            501 I Street<br>            Sacramento, CA 95814 |

RECEIVED
September 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002920942

A hearing was held at the above-referenced date and time for the Court to consider the motion for authority to continue using cash collateral (the "Motion") filed by Matterhorn Group, Inc., Vitafreze Frozen Confections, Inc., and Deluxe Ice Cream Company, the debtors and debtors in possession in the above-captioned, jointly administered Chapter 11 bankruptcy cases (collectively, the "Debtors"). Appearances were made as set forth on the record of the Court.

The Court, having considered the Motion, the pleadings filed by the Debtors in support of the Motion, and any pleadings filed in opposition to or in response to the Motion, and good cause appearing, the Court makes the following findings of fact and conclusions of law:

A. KeyBank National Association, a National Banking Association (the "Bank"), asserts that: (1) certain prepetition obligations owed to the Bank were, as of the Debtors' July 26, 2010 petition date (the "Petition Date"), secured by valid, enforceable and properly perfected liens on and security interests in substantially all of the Debtors' personal property and other assets (collectively, the "Prepetition Collateral") including, without limitation, cash on hand of the Debtors and cash and receipts generated by the operation of the Debtors' businesses, and (2) the cash proceeds on hand as of the Petition Date and the cash proceeds generated from the postpetition use and sale of the Prepetition Collateral constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code. This Court has not yet made a determination regarding the extent to which the Debtors' cash on hand as of the Petition Date, or the cash generated postpetition from the operation of the Debtors' businesses, constitute the Bank's or any other person's cash collateral. For the purposes of this Order, only that portion of the Debtors' cash later found to properly constitute the Bank's or any other person's cash collateral, will be referred to as "Cash Collateral."

B. The Debtors have requested that the Court authorize their continued use of Cash Collateral for the purposes set forth in the budget filed concurrently herewith as Exhibit "1" (the

"Budget"), which may be supplemented or extended, provided that any such supplementation or extension has been approved in writing by the Bank and by the Official Committee of Unsecured Creditors (the "Committee") or by this Court after notice to the Bank and the Committee and a hearing; and

C. This Order is entered pursuant to, and shall be construed consistent with, sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b)(2).

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Debtors are authorized to use Cash Collateral on the terms and conditions set forth in this Order. The Debtors are authorized to use Cash Collateral to pay expenses in accordance with the Budget. The figures in the Budget regarding collateral values and amounts owed to the Bank are informational only and are not binding on any party in interest.

2. In addition to those expenses set forth in the Budget, the Debtors are also authorized to use Cash Collateral to pay for the following: (a) all quarterly fees owing to the Office of the United States Trustee and all expenses owing to the Clerk of the Bankruptcy Court; and (b) all actual third-party, outside expenses incurred by the Debtors (or their counsel) directly related to the administration of the Debtors' bankruptcy estates (for items such as photocopying, postage, searches, etc.), not to exceed the total sum of $10,000 per month. In addition, the Debtors are authorized to deviate from the line items contained in the Budget by not more than 15% on a line item basis and not more than 10% on an aggregate basis. Moreover, if actual expenditures for any line items during a particular period are less than in the Budget, the difference shall carryover to the following period covered by the Budget. To the extent the Debtors' order volume exceeds the Debtors' projected order volume, the Debtors are authorized to increase the amount of their related variable cost operating expenses on a proportional basis. The Debtors shall also have the authority to pay any other expenses related to the operation of

3

THIRD INTERIM ORDER ON
CASH COLLATERAL MOTION

the Debtors' business which are not contained in the Budget without the need for any further order of the Court provided the Bank and the Committee consent to those payments in advance and in writing.

3. The Bank and any other person with an interest in the Prepetition Collateral or the Cash Collateral will have a claim under Section 507(b) of the Bankruptcy Code for the diminution in the value of such collateral, if any, arising from the Debtors' use of such collateral and/or resulting from the imposition of the automatic stay (the "Adequate Protection Claims"). The Debtors, the Committee and any other party in interest may challenge the extent and amount of any such Adequate Protection Claims.

4. To secure the Adequate Protection Claims, the Bank is hereby granted (1) adequate protection payments as provided in the Budget and (2) replacement security interests in, and liens upon (collectively, the "Adequate Protection Liens"), the Prepetition Collateral, all postpetition proceeds thereof and all postpetition assets of the Debtors (excluding, however, claims, causes of action and proceeds thereof arising under Sections 510, 544, 545, 546, 547, 548 and 549 of the Bankruptcy Code, collectively, the "Avoidance Actions") (the "Collateral"), whether such property and assets were acquired by the Debtors before or after the Petition Date, including (a) all proceeds of the foregoing; (b) all accessions to, substitutions and replacements for, and products and proceeds of the foregoing; and (c) the Prepetition Collateral. The Adequate Protection Liens shall be subject only to valid, perfected, enforceable and unavoidable liens and security interests granted by the Debtors to any person or entity that were superior in priority to the prepetition security interests and liens held by the Bank, and only to the extent such prepetition senior interests and liens are not otherwise subject to avoidance or subordination. The Adequate Protection Liens shall be deemed to be fully perfected without the necessity of any further action by or on behalf of the Bank including, without limitation, the filing of any financing

statement or the recordation of any document. Notwithstanding the foregoing, if the Bank determines, in its sole and absolute discretion, that it wishes to perfect the Adequate Protection Liens in the manner provided by applicable non-bankruptcy law, the Debtors are authorized and directed to execute and deliver to the Bank such other and further documents as it may reasonably request and the automatic stay is hereby modified to permit the Bank to execute, file and record such documents as it may determine to file or record. To the extent, if any, that the Adequate Protection Liens fail to adequately protect the amounts secured thereby, the Bank shall have a claim with the priority provided for in Section 507(b) of the Bankruptcy Code. .

5. The Debtors shall serve counsel to the Bank and counsel to the Committee with copies of all pleadings filed with the Court and all documents filed with the Office of the United States Trustee contemporaneously when the filing of such pleadings or documents.

6. Not later than the close of business on Wednesday of each week, the Debtors shall provide the Bank and counsel to the Committee with both (a) a comparison of the Debtors' actual receipts and disbursements and collateral base for the preceding week ending on Sunday to the receipts and disbursements and collateral base in the Budget for that week and (b) a detailed accounting of its debtor-in-possession bank accounts on the same weekly basis. The Debtors are authorized and directed to provide the Bank and its counsel, consultants and other representatives and agents such non-privileged operating and financial information as may be reasonably requested by the Bank. The Debtors are also authorized and directed to provide the Committee and its counsel, consultants and other representatives and agents such non-privileged operating and financial information as may be reasonably requested by the Committee. The Debtors shall direct its professionals and management team to cooperate with and timely respond to the Bank's and the Committee's requests during reasonable business hours.

7.	Neither the dismissal nor the conversion of these cases to another chapter of the Bankruptcy Code shall affect the validity of the Adequate Protection Claims or the validity or priority of the Adequate Protection Liens.

8.	The Debtors are authorized to use Cash Collateral through October 8, 2010. The next hearing on the Motion shall be held before the Court on October 4, 2010, at 1:30 p.m. (the "Continued Cash Collateral Hearing"). Any further pleadings filed by the Debtors, including any extended budget for use of Cash Collateral, must be filed with the Court and served on counsel for the Bank and on counsel for the Committee by September 27, 2010. Any opposition to a proposed extended budget must be filed with the Court and served on counsel to the Debtors and counsel to the Committee by October 1, 2010. Any further hearings to consider the entry of additional orders authorizing use of Cash Collateral and providing adequate protection will be scheduled, as required, at the Continued Cash Collateral Hearing.

10.	Unless and until an order of the Court has been entered to the contrary, deposits into the DIP Vitafreze Subsidiary Account and deposits into the DIP Deluxe Subsidiary Account will be transferred to the DIP MGI Parent Account only on an as needed basis to enable Matterhorn Group, Inc. to pay its expenses. The date and amount of any such transfers shall be included in the weekly reports provided to the Bank and the Committee with a brief description of the expenses being funded.

11.	This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

/ / /

/ / /

/ / /

**7**

12. The Debtors shall forthwith serve a copy of this Order by first-class United States mail on the Bank, the Office of the United States Trustee, the Committee, any parties that opposed the Motion and any party requesting special notice in these Chapter 11 cases.

Dated: September 16, 2010

By the Court

*/s/ Michael S. McManus*
Michael S. McManus
United States Bankruptcy Judge