FILED
October 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003008901

3

DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
AILEEN J. KIM (Bar No. 260860)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
jdreher@downeybrand.com
akim@downeybrand.com

Attorneys for Official Committee
of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MATTERHORN GROUP, INC.,<br><br>Debtor.<br>──────────────────<br>VITAFREZE FROZEN CONFECTIONS, INC.,<br><br>Debtor.<br>──────────────────<br>DELUXE ICE CREAM COMPANY,<br><br>Debtor.<br>──────────────────<br>☒ Affects ALL DEBTORS<br>☐ Affects only MATTERHORN GROUP, INC.<br>☐ Affects only VITAFREZE FROZEN CONFECTIONS, INC.<br>☐ Affects only DELUXE ICE CREAM COMPANY | Lead Case No. 10-39672-A-11<br><br>Jointly Administered with<br>Case Nos. 10-39664 and 10-39670<br><br>DC No. LNB-14<br><br>Chapter 11 Cases<br><br>**OPPOSITION TO DEBTORS' AMENDED MOTION FOR AUTHORITY TO USE CASH COLLATERAL OUTSIDE THE ORDINARY COURSE TO PAY INSIDER RETENTION BONUSES**<br><br>Date: October 25, 2010<br>Time: 9:00 a.m.<br>Judge: Michael S. McManus<br>Place: Department A<br>Courtroom No. 28<br>Floor No. 7 |

/ / /

/ / /

/ / /

1117984.1                                    1

The Official Committee of Unsecured Creditors in the above-captioned cases (the "Committee"), hereby files this Opposition to Debtors' Amended Motion For Authority To Use Cash Collateral Outside The Ordinary Course to Pay Insider Retention Bonuses ("Insider Bonus Motion").

Bankruptcy Code § 503(c)(1) virtually eliminates the ability of Debtors to provide retention plans for insiders. Payments under these retention bonus plans may not be approved unless the court finds that the person to be paid has "a bona fide job offer from another business at the same or greater compensation" and provides services that "are essential to the survival of the business." Bankruptcy Code § 503(c)(1).

In addition, payments must be within one of two caps calculated by reference to pre-bankruptcy plans or payments. *Id.* First, the payment must not exceed ten times the mean payment of a similar kind to nonmanagement employees made during the calendar year in which the payment is to be made. Bankruptcy Code § 503(c)(1)(C)(i). Alternatively, if there were no similar payments to nonmanagement employees during the calendar year, the retention payment cannot exceed 25 percent "of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred." Bankruptcy Code § 503(c)(1)(C)(ii).

The Debtors' Insider Bonus Motion fails to satisfy the requirements under Bankruptcy Code § 503(c)(1). The Insider Bonus Motion simply states that the Debtors "seek authority to pay certain insiders increased compensation in measure with the increased work to the performed during the sale process" without providing any supporting evidence for such bonuses. *See* Insider Bonus Motion at pg. 7. While there is always a possibility that any insider(s) of the Debtors could obtain another employment or a job offer, such possibility is not an adequate basis for providing retention bonuses for insiders. The Debtors do not demonstrate bona fide job offers from another business at the same or great compensation to each of those insiders they wish to provide retention bonuses and the Insider Bonus Motion should be denied.

Furthermore, the Debtors also do not demonstrate that those insiders provide services that are essential to the survival of the business. The Debtors' assets will be sold in less than a month and it is hard to justify those extra payments to the insiders who are already receiving payments for their services and have fiduciary duties to the Debtors (*e.g.* $30,000 *monthly* payment to the Debtors CEO Nathan Bell), especially in a case in which unsecured creditors may not receive any distribution.

The Debtors failed to satisfy the requirements under Bankruptcy Code § 503(c) and the Committee respectfully requests that the Court deny Debtors' Insider Bonus Motion. The Committee further requests that the Court grant such other and additional relief as the Court deems just and proper under the circumstances of these cases.

DATED: October 18, 2010

DOWNEY BRAND LLP

By: _____
JAMIE P. DREHER
AILEEN J. KIM
Attorney for Official Committee of Unsecured Creditors