**20 PAGES**

CHRISTIAN L. RAISNER, Bar No. 133839
YURI Y. GOTTESMAN, Bar No. 264924
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Creditor
The Bakery, Confectionery, Tobacco Workers
Union Local No. 85 and Teamsters Local 324

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| In re<br><br>MATTERHORN GROUP, INC.,<br><br>        Debtor.<br><br>———————————<br><br>VITAFREZE FROZEN CONFECTIONS, INC.,<br><br>        Debtor.<br><br>———————————<br><br>DELUXE ICE CREAM COMPANY,<br><br>        Debtor.<br><br>———————————<br><br>☒ Affects ALL DEBTORS<br>☐ Affects only MATTERHORN GROUPS, INC.<br>☐ Affects only VITRAFREZE FROZEN CONFECTIONS, INC.<br>☐ Affects only DELUXE ICE CREAM COMPANY | ) Lead Case No. 10-39672 (MSM)<br>)<br>) (Jointly Administered with Nos. 10-39664<br>) (MSM) and 10-39670 (MSM)<br>)<br>) DC No. LNB-17<br>)<br>) Chapter 11 Case<br>)<br>)<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES IN SUPPORT OF UNIONS'**<br>) **JOINT MOTION TO WITHDRAW THE**<br>) **REFERENCE OF DEBTORS' MOTION TO**<br>) **MODIFY OR REJECT COLLECTIVE**<br>) **BARGAINING AGREEMENTS WITH THE**<br>) **BAKERY, CONFECTIONERY, TOBACCO**<br>) **WORKERS AND GRAIN MILLERS'**<br>) **INTERNATIONAL UNION LOCAL NO. 85**<br>) **AND GENERAL TEAMSTERS LOCAL 324**<br>) **28 U.S.C. § 157 (d)**<br>)<br>)<br>) DATE:<br>) TIME: .<br>) PLACE: U. S. District Court<br>) 501 "I" Street<br>) Sacramento, CA 95814<br>)<br>) Judge:<br>) |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  CHRISTIAN L. RAISNER, Bar No. 133839
   EMILY P. RICH, Bar No. 168735
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone: 510.337.1001
   Facsimile: 510.337.1023
5  E-mail: craisner@unioncounsel.net
           erich@unioncounsel.net
6          courtnotices@unioncounsel.net

7  Attorneys for Movants
   The Bakery, Confectionery, Tobacco Workers
8  Union Local No. 85 and Teamsters Local 324

9                  UNITED STATES DISTRICT COURT

10      EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISON)

| | |
|---|---|
| 11  In re | ) Case No. |
| 12  MATTERHORN GROUP, INC., | ) Bankruptcy Lead Case No. 10-39672 (MSM)<br>) (Jointly Administered with |
| 13          Debtor. | ) Nos. 10-39664 (MSM) and 10-39670 (MSM)<br>) |
| 14  _____ | ) |
| 15  VITAFREZE FROZEN CONFECTIONS, INC., | ) Chapter 11 Case<br>) |
| 16          Debtor. | ) **MEMORANDUM OF POINT AND**<br>) **AUTHORITIES IN SUPPORT OF UNIONS'** |
| 17 | ) **JOINT MOTION TO WITHDRAW THE**<br>) **REFERENCE OF DEBTORS' MOTION TO** |
| 18 | ) **MODIFY OR REJECT COLLECTIVE**<br>) **BARGAINING AGREEMENTS WITH THE** |
| 19 | ) **BAKERY, CONFECTIONERY, TOBACCO**<br>) **WORKERS AND GRAIN MILLERS'** |
| 20 | ) **INTERNATIONAL UNION LOCAL NO. 85**<br>) **AND GENERAL TEAMSTERS LOCAL 324** |
| 21 | ) **28 U.S.C. § 157(d)**<br>) |
| 22  _____ | )<br>) DATE:          TBA |
| 23  DELUXE ICE CREAM COMPANY, | ) TIME:          TBA<br>) DEPT:          TBA |
| 24          Debtor. | ) PLACE:       501 "I" Street<br>)                      Sacramento, CA  95814 |
| 25  ☒ Affects ALL DEBTORS<br>☐ Affects only MATTERHORN GROUPS, INC. | )<br>) Judge: |
| 26  ☐ Affects only VITRAFREZE FORZEN<br>        CONFECTIONS, INC. | ) |
| 27  ☐ Affects only DELUXE ICE CREAM COMPANY | ) |

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 3

II.     QUESTIONS PRESENTED FOR DECISION ....................................... 4

III.    PROCEDURAL FACTS AND BACKGROUND ...................................... 6

IV.     FEDERAL STATUTES AT ISSUE ........................................................ 9

        A.      WITHDRAWAL OF REFERENCE, 28 U.S.C.§ 157(D) ............ 9

        B.      NATIONAL LABOR RELATIONS ACT, 29 U.S.C. §§ 157-159. ........................ 10

        C.      LABOR-MANAGEMENT RELATIONS ACT ("LMRA"), 29 U.S.C. §§ 141 ET SEQ. ........................ 11

        D.      EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. §§ 1001 ET SEQ. ........................ 11

        E.      NORRIS LAGUARDIA ACT ("NLA"), 29 U.S.C. § 104 (EXCERPTS) .............. 12

V.      ARGUMENT ...................................................................................... 12

        A.      SUMMARY OF NON-BANKRUPTCY LAWS AT ISSUE .................. 12

                1.      THE NATIONAL LABOR RELATIONS ACT ("NLRA") AND UNFAIR BARGAINING ...................... 12

                2.      THE LABOR MANAGEMENT RELATIONS ACT ("LMRA") .............. 14

                3.      THE EMPLOYEE RETIREMENT INCOME AND SECURITY ACT ("ERISA") ...................... 14

                4.      THE NORRIS-LAGUARDIA ACT ("NLA") ........................... 15

        B.      RESOLUTION OF THE REJECTION MOTION REQUIRES CONSIDERATION AND INTERPRETATION OF BANKRUPTCY AND NON-BANKRUPTCY FEDERAL LAWS, AND WITHDRAWAL OF REFERENCE IS MANDATORY THEREFORE UNDER 28 U.S.C. § 157(D) .................. 16

        C.      THERE IS "CAUSE" FOR WITHDRAWAL OF THE REJECTION MOTION, SO THAT THIS COURT CAN ADDRESS WHICH FORUM HAS JURISDICTION OVER THE INTERTWINED ISSUES OF BANKRUPTCY LAW AND FEDERAL LABOR LAWS .................. 17

VI.     CONCLUSION .................................................................................. 20

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

# TABLE OF AUTHORITIES

**Federal Cases**

40 F.3d 409 (D.C. Cir. 1994) ............................................................................ 13

417 F.2d 1060 ..................................................................................................... 13

in Re Ala. Symphony Ass'n), 211 B.R. 65, 69 (N.D. Ala. 1996).................... 19

In re Mann, 907 F.2d 923, 926 (9th Cir. 1990) .............................................. 18

Malone v. Norwest Financial California, Inc., 245 B.R. 389, 400 (E.D. Cal. 2000) .......... 18, 19, 20

N.L.R.B. v. Continental Hagen Corp., 932 F.2d 828, 835 (9th Cir. 1991) ..................... 13

NLRB v. Gissel Packing Co., 395 U.S. 575 (1969) ................................................. 13, 14

Security Farms v. International Brotherhood of Teamsters, 124 F.3d. 999, 1008-09 (9th Cir. 1997) ................................................................................................ 18

**Federal Statutes**

11 U.S.C. § 157(d) ............................................................................................. 17

28 U.S.C. § 157(c)(1) ........................................................................................ 20

28 U.S.C. § 157(d) ...................................................................................... passim

29 U.S.C. § 160(e) ............................................................................................. 14

**State Statutes**

Cal. Gov't Code § 3500-3511 ............................................................................ 5

**Federal Rules**

F.2d 366 (6th Cir. 1968) and 417 F.2d 1060 (6th Cir. 1969 ...................... 13

**Other Authorities**

Dorsey Trailers, Inc., 327 NLRB 835 (1999) ................................................. 13

Power, Inc., 311 NLRB 599 (1993) ................................................................. 13

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

# I.    **INTRODUCTION**

Bakery Workers Local 85 and Teamsters Local 324 (collectively the "Unions") jointly move for withdrawal of the reference of the Debtors' motion to reject their collective bargaining agreements (the "Rejection Motion"). Withdrawal of the reference of the Rejection Motion falls within the withdrawal of reference statute, 28 U.S.C. § 157(d), because "resolution . . . requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[1] The Rejection Motion was filed October 11, 2010 as a contested matter in the bankruptcy court for this District and Division by the chapter 11 debtor, Matterhorn Group, Inc. ("Matterhorn"or "Debtors"), with a hearing set for October 25.[2] The Rejection Motion seeks to reject all three of Matterhorn's collective bargaining agreements ("CBAs") pursuant to Section 1113 of the Bankruptcy Code ("§ 1113 herein").[3]

Resolution of the Rejection Motion will require consideration of at least four federal non-bankruptcy labor statutes, in tandem with § 1113 of the Bankruptcy Code:

(1)    The National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 157-159 (rights and obligations of employers, successor employers, employees, and unions, both before and after a collective bargaining agreement expires or is rejected);

(2)    The Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 et seq. (interpretation of collective bargaining agreement);

(3)    The Employee Retirement Income and Security Act ("ERISA") 29 U.S.C. §§ 1001 et seq. (providing for, inter alia, contributions to be made in accord with trust agreements and assessment of withdrawal liability against an employer that withdraws from a multi-employer pension plan); and

(4)    The Norris-LaGuardia Act ("NLA"), 29 U.S.C. § 104 (federal courts shall not enjoin any "parties to a labor dispute" except in narrowly defined conditions not found here.

Because these federal labor statutes must be considered in tandem with the Bankruptcy Code, the Rejection Motion is subject to both permissive and mandatory withdrawal of reference

---

[1] 28 U.S.C. § 157(d) (second sentence).
[2] Docket Number 277 in bankruptcy case number 10-39672 (MSM), Eastern District of California.
[3] 11 U.S.C. § 1113.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

under the relevant provision of the Judiciary Act.[4]  As explained below, the Rejection Motion cannot be resolved without substantial, in-depth consideration of these non-bankruptcy statutes, which continue to apply to the Debtors.

The federal issues intertwining bankruptcy, federal labor, and jurisdictional questions should be before this District Court for disposition – including determining if any matters should be referred to the National Labor Relations Board ("NLRB") for decision, because of its exclusive jurisdiction under the NLRA and the LMRA.  Thus, the issues for this Court include whether the determinations sought in the Rejection Motion are precluded by any or all of the above mentioned statutes.

This Court should withdraw the reference under 28 U.S.C. § 157(d),[5] to determine the issues presented with the Rejection Motion.  The merits of the Debtors' Rejection Motion are not now before this Court.

No delay has or will result from withdrawal of reference, as Matterhorn filed its Rejection Motion on October 11, 2010, and this motion to withdraw reference has been timely made, as the bankruptcy court has not begun taking testimony.  No party will suffer prejudice as a result of granting this motion, which would allow the matter to be heard for the first time in the proper forum and thereby avoid unnecessary appeals and/or further proceedings.  The interests of justice and judicial economy also suggest the District Court should decide whether the NLRB is the proper forum to determine the intertwined federal bankruptcy and non-bankruptcy issues presented, or any of them.  Withdrawal of reference is commonly granted where the action is non-core, not involving bankruptcy administration of estate property, and not all parties have consented to final orders and judgment by the bankruptcy judge.[6]  That is the situation here.

## II.  QUESTIONS PRESENTED FOR DECISION

1.  Whether withdrawal of reference is mandatory or proper of the Debtors' motion for modification or rejection their CBAs with the Unions in order to enable a potential purchaser

---

[4]  *See* 28 U.S.C. § 157(d), *compare* first sentence, "for cause" *with* second sentence, "shall."
[5]  A motion for withdrawal of reference "shall be heard by the district judge."  Rule 5011(a), Federal Rules of Bankruptcy Procedure.
[6]  The Unions have not consented to final orders and judgment by the bankruptcy court.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

(including Matterhorn's CEO) to avoid legal obligations a successor employer may have under the NLRA and the LMRA.[7]

2.      Whether the District Court should withdraw the reference to determine whether rejection of CBAs may be ordered on account of a sale of the Debtors' assets.

3.      Whether the District Court should withdraw the reference to consider whether filing the bankruptcy eliminated any of the Debtors' obligations under the NLRA to bargain with the Unions.[8]

4.      Whether the District Court should withdraw the reference to determine  whether the Debtors improperly seek to reject the CBAs for the purpose of avoiding to any degree their statutory withdrawal liability under ERISA, 29 U.S.C. § 1381 *et seq.*, a multi-million dollar obligation.[9]

5.      Whether the District Court should withdraw the reference to determine whether the Norris LaGuardia Act ("NLA") precludes a federal court from ordering a CBA no-strike clause to be continued through 2020, or otherwise ordering any modifications sought improperly by the Rejection Motion.[10]

6.      Whether the District Court should withdraw the reference to decide whether the Bankruptcy Court should be precluded from considering the representational rights of the Unions under the NLRA after rejection of the CBA.

///

///

---

[7]  The Rejection Motion itself shows that representational issues under federal labor law are at issue. *See* Unions' Joint Opposition at 8 and references to record there (attached to Declaration of Emily P. Rich in Support of Unions' Joint Motion to Withdraw the Reference ("Rich Decl.") as Exh. 3 filed herewith).
[8]  The Debtors refused to bargain about certain decisions and acts taken before proposing modifications to the Unions, the Debtors' decision to withdraw from participation in both multi-employer pension plans covering Union workers, their decision to sell all assets, and their refusal to make certain scheduled pay increases, pension contributions, and health plan contributions under the CBAs.
[9]  The Bakery and Confectionery Union & Industry Pension Fund alone estimates withdrawal liability of some $4.4 million to help guarantee pensions of workers at the Vitafreze facility in Sacramento.  A figure is not yet available for the Western Conference Teamster Plan and Trust covering workers at the DeLuxe Ice Cream facility in Salem, Oregon.
[10]  The bankruptcy court has no authority to order CBA modification, except for the strictly limited "interim" period mentioned in § 1113(e), something not raised at all in the Rejection Motion.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1    7.    Whether the District Court should withdraw the reference to decide whether the

2    Unions have good cause to reject the Debtors' proposals for modifications of the CBAs.

3    ### III.    PROCEDURAL FACTS AND BACKGROUND

4    A labor dispute exists between the movants, two Unions representing workers employed at

5    the two production facilities operated by the bankrupt companies, Matterhorn Group, Inc. and two

6    subsidiaries, Vitafreze Frozen Confections, Inc, and DeLuxe Ice Cream Company.  The three

7    bankrupts (collectively referred to as "Matterhorn" or the "Debtors") filed a motion to modify or

8    reject collective bargaining agreements, the "Rejection Motion," on October 11, 2010.[11]  The

9    motion seeks rejection of CBAs with two Unions, Bakery Workers Local 85 at Vitafreze, in

10   Sacramento, and Teamsters Local 324 at DeLuxe Ice Cream, in Salem, Oregon.  The Unions filed

11   their Joint Opposition on October 18, 2010.  Exh. 3 to Rich Decl., filed herewith.

12   The Unions jointly bring this Motion in order to have the Debtors' Rejection Motion

13   withdrawn from bankruptcy court and decided here by an Article III court because of the non-

14   bankruptcy federal labor laws presented that require substantial consideration.  While the Rejection

15   Motion appears defective on the merits and to fail under the strict mandates of 11 U.S.C. § 1113,

16   the embedded labor issues are dispositive and call for withdrawal of reference on both mandatory

17   and permissive grounds of 28 U.S.C. § 157(d).  The Unions also seek a stay of proceedings on the

18   Rejection Motion until this Court has decided whether to withdraw the reference.  See Application

19   To Shorten Time To Hear Motion For Withdrawal Of The Reference And Request For Stay Of

20   Bankruptcy Hearing Pending Order Of This Court, filed herewith.

21   The background sequence of events shows that before Matterhorn made any proposals for

22   CBA modifications, it had already decided to attempt CBA rejection, it had already openly

23   breached the CBAs and stopped performing its pension obligations, and it refused to bargain in

24   good faith.  Such violations are grounds to deny the Rejection Motion, and close application of

25   federal labor laws in tandem with the Bankruptcy Code is thus required to resolve the matter.

26

27   ---
[11] Debtors' Memorandum of Points and Authorities in Support of Debtors' Motion to Modify or
Reject Collective Bargaining Agreements ("Debtors' § 1113 MPA") is attached to Rich Decl.
herein as Exh. 1.  Exhibits to Debtors' Memorandum of Points and Authorities in Support of
Debtors' Motion to Modify or Reject Collective Bargaining Agreements (Exhs. to Rejection
Motion") is attached to Rich Decl. herein as Exh. 2.

28
WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 6 -

The Unions' Joint Opposition to the Rejection Motion[12] shows that:

Debtors have instituted at least two unilateral changes to the CBAs—changes which are subject to mandatory bargaining under federal law. Debtors unilaterally ceased all pension contributions to the Trust Funds of both Unions, covering all of the workers under the three Collective Bargaining Agreements.[13] Debtors also refused to institute August 1, 2010 wage increases as required by the Local 324 Operators CBA and the Local 324 Palletizers CBA.[14]

Debtors sent a proposal to the Bakery Workers Local 85 on August 29, 2010, mistakenly proposing to modify a previous CBA. Local 85 requested information about the proposed modifications, which request was never answered.[15]

The Debtors sent proposals to the Teamsters Local 324 on September 22, 2010. Teamsters Local 324 requested information to evaluate the necessity of the proposals. Debtors responded to this information request (after already filing the Rejection Motion) in a vague, ambiguous manner if at all (for example, answering questions that specifically asked for financial impact without providing financial figures). For the Palletizers CBA information request, Debtors only responded to one question out of nineteen. (Q: Why is this change [removal] to the union security article necessary? A: To allow for all potential employees to make their own decision as to whether they want to make contributions to the union and become union members.")[16]

Both the Bakery Local 85 and the Teamsters Local 324 requested detailed information about the potential purchasers of the Debtors' assets. The Debtors responded, but did not provide any information related to potential purchasers.[17]

On September 20, the Debtors met with representatives of Local 85, but Debtors adjourned the meeting stating that they were not prepared to address certain issues, including the effect of

---

[12] Exh. 3 to Rich Decl.
[13] *See* Partial Transcript of 9/2/2010 Creditors' Meeting at 10, Exhibit A to Gottesman Decl. (the entire Gottesman Decl., which supports the Unions' Joint Opposition to the Rejection Motion, is attached as Exh. 4 to the Rich Decl. filed herewith).
[14] Exhibit A to Gottesman Decl. at 10 (Exh. 4 to Rich Decl.); Exhibit 2 to Exhibits to Rejection Motion at 43 (Rich Decl. herein Exh. 2); Exhibit 3 to Exhibits to Rejection Motion at 72 (Rich Decl. herein Exh. 2).
[15] Exhibits to Rejection Motion at Exhibit 4 (Exh. 2 to Rich Decl. herein); Exhibit B to Gottesman Decl. (Exh. 4 to Rich Decl. herein).
[16] Exhibit C & D to Gottesman Decl. (Exh. 4 to Rich Decl. herein).
[17] Exhibits E & I to Gottesman Decl. (Exh. 4 to Rich Decl. herein).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

withdrawal liability and the effect of successor obligations in the event of sale.[18] As a response to Debtors' unilateral ceasing to make pension contributions and failure to implement contractual wage increases, the Unions filed two Unfair Labor Practice Charges with the National Labor Relations Board.[19]

The three proposals sent to the Unions included non-economic issues, such as deletion of union representation provisions and elimination of seniority rights, in addition to cutting wages and health benefits and eliminating pensions. After Debtors already had ceased all pension contributions, Debtors then proposed elimination of pension contributions in all three CBAs.[20] Debtors proposed to reduce union health insurance contributions by 71% for Bakery Workers Local 85 members, by 70% for Teamsters Local 324 members, to eliminate health insurance completely for seasonal workers, and to eliminate dental insurance for all union members.[21] .

Debtors proposed hourly wage cuts of up to 54.8% for their union employees.[22]

Absent from these proposals was any modification to the "no-strike" provisions of all three contracts. Other than in their Rejection Motion, the Debtors have not presented either Union with the desire to extend the no-strike provision of the CBAs. In an October 4, 2010 hearing in this case, this Court stated that:

> The evidence [the Debtors are] relying on for rejection needs to be in the motion. And if there's been further negotiations since the filing of the motion, then something is relevant, that's fine. I understand. But, Mr. Raisner wants to make sure when he gets the motion he knows why you think the contracts ought to be rejected or they ought to have the right to be rejected. And you satisfied the conditions to the filing of that motion.

Exhibit H to Gottesman Decl. (Exh. 4 to Rich Decl. herein).

///

///

---

[18]

[19] Exhibit F to Gottesman Decl. (Exh. 4 to Rich Decl. herein).
Exhibit G to Gottesman Decl. (Exh. 4 to Rich Decl. herein).
[20] *Compare* Exhibit 1 to Exhibits to Rejection Motion at 22-23 with Exhibit 4 to Exhibits to Rejection Motion at 98-100; Exhibit 5 to Exhibits to Rejection Motion at 133; Exhibit 5 to Exhibits to Rejection Motion at 156 (all Exhibits referenced in this footnote are part of Exh. 2 to Rich Decl. herein).
[21] Debtors' § 1113 MPA 8:12-15, 15: 7-17, 19-25 (Exh. 1 to Rich Decl. herein).
[22] *See* analysis in Unions' Joint Opposition at 7 and exhibits there referenced.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

The Unions have been and are willing to meet and negotiate with the Debtors, and are willing to make serious economic concessions with respect to their CBAs.

The Debtors have not provided a plan for reorganization, but have stated that they are in a "dire" financial position. However, in a Creditors' meeting held on September, 2, 2010, Nathan Bell, under oath, stated that the Debtors had a $3 million dollar positive EBIDTA for 2009. Exhibit A to Gottesman Decl. at 2 (Exh. 4 to Rich Decl. herein). As late as June 2010, the Debtors had a $400,000 positive EBIDTA. Id. Mr. Bell further stated that the Debtors have "a very solid business with a product that's geographically viable," that Mr. Bell has "not seen a single indication of drop in volume from [their] customers," and that the Debtors' customers have "remained loyal and stuck with [them]." Id. at 10-11.

Debtors' CEO Nathan Bell has stated in negotiations with the Bakers Local 85 and in a Declaration that he and a team of investors are trying to purchase the Debtors' assets. Decl. of Bell at ¶ 20 In Support Of Sale Motion, Filed Oct. 8, 200 [DOC # 269], attached as Exhibit J to Gottesman Decl. (Exh. 4 to Rich Decl. herein) ("I have previously made clear to both the Bank and the Creditors' Committee that I, working alone or in conjunction with others, may be a bidder at the auction sale.").

The Rejection Motion seeks modifications as well as rejection, although § 1113 does not permit a bankruptcy court to modify the CBAs. The Rejection Motion also seeks to impose a no-strike bar extending through the year 2020. Such an injunction against the Unions' right to strike cannot be ordered because of the Norris LaGuardia Act's strict rule preventing issuance of injunctions against parties to a labor dispute, with limited exceptions not found here.

## IV.     FEDERAL STATUTES AT ISSUE

The following federal statutes must be considered to resolve the Rejection Motion to be withdrawn:

## A.     WITHDRAWAL OF REFERENCE, 28 U.S.C.§ 157(D).

The Judiciary Act provides for withdrawal of reference in Section 157(d):

> (d)  The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 9 -

resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

A motion for withdrawal of reference must be determined by the district court, not a bankruptcy court. Rule 5011(a) of the Federal Rules of Bankruptcy Procedure states:

A motion for withdrawal of a case or proceeding shall be heard by a district judge.

**B.     NATIONAL LABOR RELATIONS ACT, 29 U.S.C. §§ 157-159.**

§ 157. Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

§ 158. (a) Unfair labor practices by employer

It shall be an unfair labor practice for an employer--

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in 157 of this title;

(2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it: Provided, That subject to rules and regulations made and published by the Board pursuant to section 156 of this title, an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay;

(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: Provided, That nothing in this subchapter, or in any other statute of the United States, shall preclude an employer from making an agreement with a labor organization (not established, maintained, or assisted by any action defined in this subsection as an unfair labor practice) to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment or the effective date of such agreement, whichever is the later, (i) if such labor organization is the representative of the employees as provided in section 159(a) of this title, in the appropriate collective-bargaining unit covered by such agreement when made, and (ii) unless following an election held as provided in section 159(e) of this title within one year preceding the effective date of such agreement, the Board shall have certified that at least a majority of the employees eligible to vote in such election have voted to rescind the authority of such labor organization to make such an agreement. . . .

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

(4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter;

(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title.

**C. LABOR-MANAGEMENT RELATIONS ACT ("LMRA"), 29 U.S.C. §§ 141 ET SEQ.**

**§ 185.** Suits by and against labor organizations

(a) Venue, amount, and citizenship

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

**D. EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. §§ 1001 ET SEQ.**

Sec. 1145. Delinquent contributions

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Sec. 1381. Withdrawal liability established; criteria and definitions

(a) If an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability.

(b) For purposes of subsection (a) of this section -

(1) The withdrawal liability of an employer to a plan is the amount determined under section 1391 of this title to be the allocable amount of unfunded vested benefits, adjusted-

(A) first, by any de minimis reduction applicable under section 1389 of this title,

(B) next, in the case of a partial withdrawal, in accordance with section 1386 of this title,

(C) then, to the extent necessary to reflect the limitation on annual payments under section 1399(c)(1)(B) of this title. . . .

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

**E.   NORRIS LAGUARDIA ACT ("NLA"), 29 U.S.C. § 104 (EXCERPTS).**

> No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

> * * *

> (d) By all lawful means aiding any person participating or interested in any labor dispute who is ... prosecuting, any action or suit in any court of the United States or of any State. . . .

## V.   ARGUMENT

## A.   SUMMARY OF NON-BANKRUPTCY LAWS AT ISSUE

To resolve the Rejection Motion proceeding the Court must give substantial, in-depth consideration to four federal non-bankruptcy statutes, each of which must be considered in tandem with Bankruptcy Code provisions, especially § 1113. Those four federal statutes all continue to apply to the Debtors in bankruptcy, and the following overview suggests the serious level of analysis involved in determining precisely how federal labor law is to be squared with § 1113 and with the bankruptcy court's jurisdiction.

### 1.   The National Labor Relations Act ("NLRA") and Unfair Bargaining

The Debtors' open and apparently willful refusal to comply with the CBAs, and their unilateral efforts to alter them implicate § 1113 and preclude their Rejection Motion from being granted. The leading bankruptcy treatise observes:

> A trustee acts at great peril if the trustee fails to comply with a collective bargaining agreement, or takes unilateral action to change the terms of a collective bargaining agreement. Such actions violate both section 1113(f), and the NLRA. As a result, the potential exists for the filing of an unfair labor practice charge against the trustee before the NLRB.

7-1113 Collier on Bankruptcy P 1113.09.

Thus, it remains clear that § 1113 does not preclude the filing of an unfair labor practice charge. In fact, the Debtors' conduct has already caused each of the Unions here to file an Unfair Labor Practice Charge with the NLRB. At the same time, some of the same issues may go before the bankruptcy court under § 1113(f) and must be decided with the Rejection Motion. A case

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 12 -

addressing the issue squarely holds that a debtor's noncompliance with the CBA will preclude rejection. Birmingham Musicians' Protective Ass'n, Local 256-733 v. Ala. Symphony Ass'n (in Re Ala. Symphony Ass'n), 211 B.R. 65, 69 (N.D. Ala. 1996).

A common NLRB remedy is a bargaining order, to "cease and desist from refusing to bargain," with specificity based on particular bargaining violations. See, e.g., Power, Inc., 311 NLRB 599 (1993), enforced, 40 F.3d 409 (D.C. Cir. 1994). Unilateral changes constituting unlawful refusal to bargain may lead to a bargaining order plus an order to restore the status quo ante, with employees to be made whole for any discontinued benefits. Beacon Journal Publ'g Co. v. NLRB, 401 F.2d 366 (6th Cir. 1968) and 417 F.2d 1060 (6th Cir. 1969).

The general question of how a bankruptcy court in Chapter 11 should regard orders from the NLRB has been settled since Nathanson v. NLRB., 344 U.S. 25, 28-29 (1952), which held that the NLRB claim for backpay must be recognized as one to be paid from the bankruptcy estate. Nathanson remains good law.

The Ninth Circuit applied this approach in *N.L.R.B. v. Continental Hagen Corp.,* 932 F.2d 828, 835 (9th Cir. 1991), where the NLRB filed a claim in the bankruptcy case.

> Our action in this case, entering judgment in favor of the NLRB with respect to the backpay provision, does not negate the fact that actual enforcement of the backpay provision must take place through the Bankruptcy Court.

*Continental Hagen Corp.,* 932 F.2d at 835.

The bankruptcy court and this Court lack jurisdiction to review NLRB findings or remedial orders,[23] and courts of appeal will show great deference and "special respect" to NLRB remedies. See NLRB *v. Gissel Packing Co.,* 395 U.S. 575, 612 fn. 32 (1969).

## 2.   The Labor Management Relations Act ("LMRA")

Federal courts have labor jurisdiction to enforce collective bargaining agreements under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Federal courts have long exercised jurisdiction to interpret collective bargaining agreements, 29 U.S.C. § 185, and the

---

[23] NLRB must apply to the appropriate court of appeals to enforce orders. See Labor Management Relations Act § (10(e), 29 U.S.C. § 160(e).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

resulting extensive caselaw will need to be applied in resolving the Rejection Motion.

The pension plans covering workers under the Debtors' CBAs are regulated by the LMRA, 29 U.S.C. § 186, as well as by ERISA.

### 3. The Employee Retirement Income and Security Act ("ERISA")

ERISA, 29 U.S.C. §§ 1001 – 1461, governs pension and other employee benefit plans in the private sector. The Debtors' CBAs here expressly require participation in multiemployer pension plans,[24] which have employer and employee trustees, and governed by their respective trust agreements, enforceable by ERISA. Fiduciary duties generally apply to property of the pension plans and to pension rights, and an employer may have a fiduciary duty respecting plan assets defined by the trust agreement.

At least two particular ERISA provisions have immediate relevance to the Rejection Motion. First, ERISA § 415, 29 U.S.C. 1145, requires contributions to be paid as required by a CBA. The Debtors' flat refusal to do so calls into question their ERISA liability for contributions due since July 1.[25] Secondly, ERISA 29 U.S.C. § 1381 provides for withdrawal liability to attach to an employer that withdraws from participation in a multiemployer pension plan. The Debtors announced their decision to withdraw from the pension plans at the outset of the bankruptcy and have made no contribution since then. The amount of the Debtors' withdrawal liability to just one of the plans, the Bakery Industry & Confectionery Union & Industry Pension Fund, covering Local 85 members at Vitafreze, is about $4.4 million, some or all of which could have priority status as a claim. The amount of withdrawal liability to the Western Conference of Teamsters Pension Trust Fund is not known to the undersigned but will represent an allocable share of unfunded vested pension liability.

These ERISA liabilities of the Debtors have relevance to the § 1113 standard that the Debtors' proposals (which include deletion of pension obligations from the CBAs) each is "necessary to permit the reorganization of the debtor" and "assures that all creditors, the debtor and

---

[24] The Bakery Industry & Confectionery Union & Industry Pension Fund, covering Local 85 at Vitafreze. Western Conference of Teamsters Pension Trust Fund, covering Local 324 members at Deluxe Ice Cream.
[25] *See* Gottesman Decl. Exh. A at 16 (testimony under oath by CEO Nathan Bell at Creditors' Meeting) (Exh. 4 to Rich Decl. herein).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

all of the affected parties are treated fairly and equitably." See 11 U.S.C.§ 1113(b)(1)(A). The proposal respecting pensions does not approach those requirements. ERISA violations to the detriment of Union employees must be considered in deciding if the proposal treats them, and the creditor Pension Funds, fairly and equitably.

### 4. The Norris-LaGuardia Act ("NLA")

Courts consistently have found that nothing in the language of section 1113, or any other part of the Bankruptcy Code, overrides the Norris-LaGuardia Act("NLA"), 29 U.S.C. §§ 101-115. See, e.g., In re Crowe & Assocs., Inc., 713 F.2d 211 (6th Cir. 1983) (vacating injunction against strike called to back up union's demand that employer pay into pension fund); Briggs Transp. Co. v. Teamsters, 739 F.2d 341 (8th Cir.) , cert. denied, 469 U.S. 917 (1984) (strike to protest rejection of collective bargaining agreement cannot be enjoined due to Norris-LaGuardia). The Briggs court rejected the argument that an injunction was a necessary adjunct to the power of bankruptcy court to authorize rejection, observing that "the parties have cited us to nothing in the Bankruptcy Code or its legislative history indicating a congressional intent to lift the jurisdictional restrictions of the Norris-LaGuardia Act." Briggs Transp. Co. supra, 739 F.2d at 343.

The NLA expressly precludes federal injunctions against any "parties to a labor dispute," 29 U.S.C. § 104, except in narrowly defined conditions not found here.[26] A bankruptcy court or other federal court thus could not exercise injunctive power barring strikes or denying Union representation, under the Norris-LaGuardia Act.

The Rejection Motion itself implicates the NLA by seeking to impose a no-strike clause through the year 2020, an exercise that cannot be done without trenching upon the NLA provisions barring issuance of labor injunctions by a federal court.

///

///

///

///

---

[26] One NLA precondition to issuance of an injunction is that police cannot be able to control the peace. 29 U.S.C. § 104.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

**B. RESOLUTION OF THE REJECTION MOTION REQUIRES CONSIDERATION AND INTERPRETATION OF BANKRUPTCY AND NON-BANKRUPTCY FEDERAL LAWS, AND WITHDRAWAL OF REFERENCE IS MANDATORY THEREFORE UNDER 28 U.S.C. § 157(D)**

If resolution of the Rejection Motion "requires consideration" of both non-bankruptcy and bankruptcy federal law, withdrawal of the reference is mandatory under 28 U.S.C. § 157(d). Here there can be no doubt that such consideration is in fact required, as discussed above.

Withdrawal of reference is therefore mandatory under the second sentence of 28 U.S.C. § 157(d):

> The district court shall . . . so withdraw a proceeding **if** the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(Emphasis supplied.) In addition to bankruptcy issues under title 11 (the Bankruptcy Code), non-bankruptcy laws restricting the rights and obligations of parties to a collective bargaining agreement, as well as a potential successor employer, after the expiration and/or rejection of the collective bargaining agreement, must be considered to resolve the Rejection Motion to be withdrawn.

The Court must decide whether to withdraw a motion under Section 1113 of the Bankruptcy Code because of its effect on the rights and obligations of parties to the collective bargaining agreement under the NLRA, LMRA, ERISA, and the NLA, as discussed in the previous part of this Argument (Part A).

The Court must decide whether Section 1113 of the Bankruptcy Code can have any effect on the rights and obligations under the NLRA of parties to a collective bargaining agreement, as well as those respecting a potential successor employer following the sale now set for November 1. Successorship law requires consideration because § 1113 requires the Debtors' proposals to be necessary to reorganization (which does not include the buyer) and that they treat creditors and affected parties "fairly and equitably," (which requires considering the effect on the Unions).

The Debtors' Rejection Motion would lure the Bankruptcy Court into resolving representational rights under the NLRA, which is clearly a matter assigned to the NLRB and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

outside the bankruptcy court's authority.  Debtors' proposed modifications of the Local 85 CBA include the deletion of the recognition of the Union as sole bargaining agent.  Exhibit 4 to Debtors' Rejection Motion at 90 (Exh. 2 to Rich Decl. herein).  Under this proposal, Vitafreze would not recognize the Union, and therefore would have no obligation to bargain with the Union—similarly, Debtors' proposed removal of Article 1.3 language stating that joining the Union is "a condition of employment."  Exhibit 5 Debtors' Rejection Motion at 123 (Exh. 2 to Rich Decl. herein).  The Debtors have provided no justification whatsoever as to why these modifications are necessary, and they trench upon representation duties under the NLRA.

The NLRA and other federal labor laws mentioned need to receive substantial consideration to reolve the Rejection Motion.

**C.**  **THERE IS "CAUSE" FOR WITHDRAWAL OF THE REJECTION MOTION, SO THAT THIS COURT CAN ADDRESS WHICH FORUM HAS JURISDICTION OVER THE INTERTWINED ISSUES OF BANKRUPTCY LAW AND FEDERAL LABOR LAWS**

This Court has clear statutory authority to withdraw the reference "for cause shown," the so-called "permissive" withdrawal under 11 U.S.C. § 157(d) (first sentence):

> The district court may withdraw, in whole or in part, any case where proceeding referred under this section, or on its own motion or on timely motion of any party for cause shown.

The strong concern for national uniform policy respecting federal labor law as set forth under the National Labor Relations Act makes withdrawal of reference appropriate.  An Article III Court can appropriately order that application of federal labor law provisions concerning employers involved in interstate commerce are best heard by the NLRB.

This case calls for withdrawal of reference under the principles of Security Farms v. International Brotherhood of Teamsters, 124 F.3d. 999, 1008-09 (9th Cir. 1997).  There, a lawsuit was removed to bankruptcy court on the eve of trial in state court against the Debtor, a local Union, and others.  The district court withdrew the reference to interpret and apply the federal labor laws in tandem with bankruptcy law.  There, as here, the case was non-core.[27]

---

[27]  The Rejection Motion is non-core because it does not concern administration of the bankruptcy estate property, nor does the Rejection Motion fit any other categories of core bankruptcy proceedings.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

> Inasmuch as a bankruptcy court's determinations on non-core matters are subject to de novo review by the district court, unnecessary costs could be avoided by a single proceeding in the district court. . . . *In re Mann*, 907 F.2d 923, 926 (9th Cir. 1990). Furthermore, we reject the Growers' claim that the district court's decision encourages forum shopping.

*Security Farms*, 124 F.3d at 1009; *see also Hanfling v. Epstein (In re ATG Catalytics),* 2004 U.S. Dist. LEXIS 23617 (N.D. Cal. 2004) (withdrawal of reference of trustee's action alleging fraud, misrepresentation and breach of contract was appropriate and would enhance judicial economy because non-core issues pre-dominated).

The saving in judicial economy will be substantial upon withdrawal of the reference of the Rejection Motion. See Malone v. Norwest Financial California, Inc., 245 B.R. 389, 400 (E.D. Cal. 2000). The alternative would be an appeal to the District Court of the Bankruptcy Court's order on the Rejection Motion, as well as filing various charges with the NLRB for conduct by the Hospital and/or Avanti in reliance of misguided inferences from the Bankruptcy Court's order on the Rejection Motion. Instead, this Court could determine in one proceeding the issues related to jurisdiction over the federal labor laws that control.

Because the Debtors seek rejecting CBAs that a potential successor employer may not decide to assume, withdrawal will not upset bankruptcy practice, as a bankruptcy court is powerless to compel the buyer to assume the CBAs in any event. See Malone, 245 B. R. at 400 ("no uniform bankruptcy practice to be disrupted"); see also N.L.R.B. v. Burns Intern. Sec. Services, Inc., 406 U.S. 272 (1972); New England Mech., Inc. v. Local Union 294, 909 F.2d 1339, 1342 (9th Cir. 1990) (successor employer is not bound by its predecessor's collective bargaining agreement). Withdrawal of reference is appropriate regarding bankruptcy-related cases where all parties have not consented to trial of the issue before the bankruptcy court.

The Rejection Motion at issue concerns rights and obligations under federal labor laws that lie outside the jurisdiction of the Bankruptcy Court, and that fall within the exclusive jurisdiction of the NLRB, to a great extent. The District Court has jurisdiction to decide the extent to which the NLRB is the appropriate venue for NLRA application and interpretation. See also Hanfling v.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 18 -

Epstein (In re ATG Catalytics), 2004 U.S. Dist. LEXIS 23617 (N.D. Cal. 2004) (withdrawal of reference of trustee's action against various defendants alleging fraud, misrepresentation, and breach of contract was appropriate and would enhance judicial economy because non-core issues pre-dominated).

This Court is also the court designated in statute to interpret and enforce collective bargaining agreements. See 29 U.S.C. § 185(a). Similarly, ERISA concerns must come to the District Court under various statutory provisions, including for vindication of rights respecting pension benefits, 29 U.S.C. § 1132, non-payment of employer contributions, 29 U.S.C. § 1145, and withdrawal liability applicable to an employer that leaves a multiemployer pension fund, 29 U.S.C. § 1381. The Rejection Motion involves consideration of all of these issues, because Debtors' willful violation of the CBAs in these areas precludes rejection of the CBAs under § 1113. See Birmingham Musicians' Protective Ass'n, Local 256-733 v. Ala. Symphony Ass'n (in Re Ala. Symphony Ass'n), 211 B.R. 65, 69 (N.D. Ala. 1996) ("this court finds persuasive the line of cases holding that a breach [] of the CBA is a violation of § 1113(f)"). Moreover, whether the Unions would have good cause not to accept proposed modifications that would in effect have ratified wholesale violations of the CBAs is a matter for determination on the Rejection Motion and should properly come to an Article III court that regularly enforces federal labor laws and pension rights.

Other strong jurisprudential grounds exist for withdrawal of the reference of the Rejection Motion. One such consideration is to avoid the danger of conflicting and inconsistent rulings, and to avoid the unnecessary labor and expenditure of resources to guard against inconsistency. Another consideration is avoidance of delay in determining the rights and obligations under the NLRA held by the Debtors, the Unions, as well as any potential buyer/successor employer, as such delay can result through sometimes unexpected turns of the bankruptcy process.

The strong concern national for uniform federal labor rights suggests withdrawal of reference. Since the Rejection Motion is not a core proceeding, orders by the Bankruptcy Court would be subject to de novo review by this Court. See 28 U.S.C. § 157(c)(1). The District Court is best equipped to deal with those issues of federal labor rights and federal jurisdiction. See Malone,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 19 -

supra, 245 B.R. at 400. The reasons stated above provide ample "cause" for withdrawal of the reference of this Rejection Motion under 28 U.S.C. § 157(d).

## VI.     CONCLUSION

For all of the reasons stated above, the undersigned, on behalf of the Movants in this action, the Unions, respectfully request this Court to withdraw its reference of the Rejection Motion, a contested matter, from the Bankruptcy Court.

Dated: October 19, 2010

WEINBERG, ROGER & ROSENFELD
A Professional Corporation


By:   /s/ Christian L. Raisner
CHRISTIAN L. RAISNER
Attorneys for Movants
The Bakery, Confectionery, Tobacco Workers Union
Local No. 85 and Teamsters Local 324

125590/593628

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001